IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No.:  1:17CR37 (JUDGE KEELEY) |
| **TAYLOR MICHELLE SYSLO,** | |
| **Defendant.** | |

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY IN FELONY CASE**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 (ECF No. 4). Defendant, Taylor Michelle Syslo, in person and by Federal Public Defenders, Katy J. Cimino and Elizabeth B. Gross, appeared before me on July 25, 2017, for an initial appearance, arraignment, and plea hearing. The Government appeared by Assistant United States Attorney, Traci Cook. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One (1) of the Information.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of

the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waivers of an indictment, an Article III Judge and consent to enter a guilty plea before a Magistrate Judge were freely and voluntarily given. Additionally, the Court finds that the written waivers were freely and voluntarily executed by Defendant Taylor Michelle Syslo only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written waiver filed and made part of the record.

The Court next inquired of Defendant and her counsel as to Defendant's knowledge and understanding of her constitutional right to proceed by indictment, the voluntariness of her consent to proceed by information and of her waiver of her right to proceed by indictment. Defendant and her counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged her voluntary waiver of her

right to proceed by indictment and her agreement to voluntarily proceed by information. Defendant also executed a written waiver of the same.

The Court **ORDERED** the written waiver filed and made part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was the second representation made to Defendant, and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The Court **ORDERED** the written plea agreement filed and made part of the record.

The undersigned then reviewed with Defendant Count One (1) of the Information and the elements the Government would have to prove, charging her with Distribution of Fentanyl in violation of Title 21 U.S.C. §841(a)(1) and

3

841(b)(1)(C).  Subsequently, Defendant Taylor Michelle Syslo pled **GUILTY** to the charge contained in Count One (1) of the Information.  However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against her, inquired of Defendant's understanding of the consequences of her pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Government proffered a factual basis for the plea explaining that Emergency Medical Services in Marion County, WV, responded to the suspected overdose of Eric Shanholtz. Shanholtz died as from the overdose at the hospital shortly after. A WV medical examiner rendered an opinion that Shanholtz died of a lethal dose of fentanyl. An investigation began, and law enforcement interviewed Patrick Carr, who was the driver of the vehicle Shanholtz was found in. Carr told law enforcement that Shanholtz had contacted him about purchasing heroin. Carr contacted Taylor Syslo, who exchanged a controlled substance with Shanholtz for $70.00 on September 14, 2016.

Law enforcement preformed a consent search of the home of Douglas Rose, where Syslo was present. Law enforcement found multiple packets of controlled substances, $100.00, and a Phoenix Arms Raven 22 caliber pistol. Syslo admitted to the sale of a substance called "tough stuff" on September 14th, to a person matching the description of Shanholtz. Syslo claimed she had warned Shanholtz the substance was potent and it had caused two overdoses before.

Neither counsel for Defendant nor Defendant disputed the proffer when given

4

the opportunity to do so. Defendant stated she heard, understood, and did not disagree with the Government's proffer. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Count One (1) of the Information is supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by the Government's proffer.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One (1) of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against her and that the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on Count One (1) was a term of imprisonment not more than twenty (20) years, a fine of not more than $1,000,000.00, and a term of at least three years supervised release. The undersigned further determined Defendant understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable before the date of sentencing. Defendant also understood that her sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the cost of her incarceration, supervision, and probation.

The undersigned also informed Defendant whether she understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a

jury, and the right to legally possess a firearm.

Additionally, the undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The undersigned also reviewed with Defendant her waiver of appellate and collateral attack rights. Defendant understood that she was waiving her right to appeal her conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742 for any sentence of imprisonment less than 180 months. Defendant further understood that under her plea agreement, she was waiving her right to challenge her conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255 for any sentence of imprisonment less than 180 months. Defendant understood, however, that she was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that she learned about after the plea hearing and agreed that she was unaware of any ineffective assistance of counsel or prosecutorial misconduct in her case at this time. From the foregoing, the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her

knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One (1) of the Information. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One (1) of the Information. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the binding recommendations or stipulations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would be permitted to withdraw her guilty plea. Defendant and her counsel each acknowledged their

understanding and Defendant maintained her desire to have her guilty plea accepted. The Court also informed Defendant that, under the terms of the plea agreement, she is entering into a limited waiver of her right to appeal and Defendant confirmed her agreement to the waiver of her appellate rights.

The Court informed Defendant that the U.S. Sentencing Guidelines could be used in determining a sentence in this case. Defendant stated that she had discussed the application of the U.S. Sentencing Guidelines to her case with her Attorney. Defendant stated that she understood that the Court would not be able to determine whether to accept the agreed upon sentence until after the United States Probation Office had prepared a presentence report.

Defendant, Taylor Michelle Syslo with the consent of her counsel, Katy J. Cimino and Elizabeth B. Gross proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count One (1) of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Information as a whole, but in particular as to Count One (1) of the Information; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed for Count One (1); Defendant made a knowing and voluntary plea of guilty to Count One (1) of

the Information; and Defendant's plea is independently supported by The Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count One (1) of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned Magistrate Judge remanded Defendant to the custody of the U.S. Marshal Service.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(l); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied,</u> 467 U.S. 1208 (1984); <u>Wright v. Collins,</u> 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on July 25, 2017.

/s/ Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

10