IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       CRIMINAL NO. 1:17CR37
                                            (Judge Keeley)

TAYLOR MICHELLE SYSLO,

        Defendant.

MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]

### I. Background

On July 17, 2017, the defendant, Taylor Michelle Syslo ("Syslo"), pleaded guilty to one count of Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Dkt. No. 14). On December 12, 2017, the Court sentenced Syslo to 180 months of incarceration, 3 years of supervised release, and restitution in the amount of $1,728.44 (Dkt. No. 22). Syslo is currently incarcerated at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson"), with an anticipated release date of August 20, 2029.

On June 16, 2020, Syslo filed the pending pro se Motion for Home Confinement under Section 3624(c)(2) (Dkt. No. 25), apparently because of the COVID-19 pandemic.[1] Her motion recognizes that the

---

[1] On July 27, 2020, Syslo filed a pro se motion to appoint counsel related to her request to be released on home confinement, which the Court has construed as a motion to appoint

USA v. SYSLO                                    1:17CR37

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]**

ultimate decision regarding home confinement lies with the Bureau of Prisons ("BOP"), pursuant to the CARES Act, which allows the BOP to lengthen the amount of time that a person may be on home confinement from its previous maximum of the shorter of ten percent of a term of imprisonment or six months. Id. Nevertheless, Syslo asserts that she is a good candidate for home confinement because she has had a record of good conduct for almost two years, has no sexual offenses of record, has generated a re-entry plan for transitioning back to society, and has quarantined for fourteen days. Id. Syslo also asserts that, while incarcerated, she maintained full employment in the kitchen before transferring to another position, has paid her fines and restitution, and completed numerous programs and classes. Id. Finally, citing United States v. Ceballos, 671 F.3d 852, 856 (9th Cir. 2011),[2] Syslo argues—in error—that the Court may make an order "anytime" and that the BOP

---

counsel for compassionate release. This motion is addressed in a separate order.

[2] Contrary to Syslo's characterization, the United States Court of Appeals for the Ninth Circuit found that it lacked jurisdiction to review a recommendation to the Bureau of Prisons and noted that its holding did not deprive district courts of the authority to "make (or not make) non-binding recommendations to the Bureau of Prisons at any time - including but not limited to - during the sentencing colloquy." Ceballos, 671 F.3d 852, 856 n. 2.

USA v. SYSLO                                      1:17CR37

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]**

is required by statute to consider such orders. The government has not responded to Syslo's motion.

### II. Discussion

Title 18 U.S.C. § 3624(c)(1), or the Second Chance Act ("SCA"), provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

The Director of the BOP also has the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The SCA does not create "an enforceable entitlement" to any particular form of pre-release custody, but rather provides "merely an authorization . . . for non-prison confinement." Prows v. Fed. Bureau of Prisons, 981 F.2d 466, 468-70 (10th Cir. 1992).

To make determinations regarding pre-release custody, the BOP considers, among other factors, "any statement by the court that imposed the sentence [] concerning the purposes for which the sentence to imprisonment was determined to be warranted; or [] recommending any type of penal or correctional facility as

3

USA v. SYSLO                                              1:17CR37

## MEMORANDUM OPINION AND ORDER DENYING MOTION
## FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]

appropriate." 18 U.S.C. § 3621(b)(4). A sentencing court may recommend that an offender be placed in a particular facility or program, but the BOP retains the ultimate authority to make placement decisions. <u>Tapia v. United States</u>, 564 U.S. 319, 331 (2011) (citing 18 U.S.C. § 3582(a)); <u>United States v. Williams</u>, CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (emphasizing that "it is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement, pursuant to 18 U.S.C. § 3624(c)").

Courts are split regarding whether a sentencing court may make such a recommendation after the sentence has been imposed. <u>See generally</u> <u>United States v. Reavis</u>, No. 15–CR–3, 2018 WL 2376511, at *1-2 (E.D. Wis. May 23, 2018) (collecting cases); <u>United States v. Doshi</u>, No. 13-cr-20349, 2020 WL 1527186, at *1 (E.D. Mich. Mar. 31, 2020) (supplementing recommendation made at time of sentencing "in light of the interplay of changing circumstances and factors [due to COVID-19] and factors considered at sentencing").

Although the Court recognizes that Syslo's argument raises concerns regarding potential exposure to COVID-19, and even assuming it has authority to make a post-sentencing recommendation to the BOP, the Court declines to do so. As other courts have

4

USA v. SYSLO                                            1:17CR37

**MEMORANDUM OPINION AND ORDER DENYING MOTION**
**FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]**

observed, the BOP is best positioned to make pre-release custody
determinations because it is "familiar with the offender and [her]
adjustment in prison, [her] current treatment needs, the available
resources, and the other relevant considerations." United States v.
Ross, No. 95-CR-114, 2018 WL 2376510, at *2 (E.D. Wis. May 24,
2018). The sentencing court, conversely, operates "only on a case-
by-case basis, based on dated information, and lacking the BOP's
expertise in such matters." Id. Therefore, a court in its
discretion may deny an inmate's request for a recommendation of
pre-release custody, choosing instead to defer to the experience of
the BOP. Accord United States v. Baker, No. 4:08-CR-67(7), 2016 WL
11265415, at *2 (E.D. Tex. Jan. 6, 2016); United States v. Bishop,
No. CR 07-00516 JMS (06), 2015 WL 13235851, at *3 (D. Haw. Oct. 2,
2015); United States v. Landers, No. 6:09-cr-0893-10-JMC, 2013 WL
5530271, at *2 (D.S.C. Oct. 7, 2013).

### III. Conclusion

While Syslo is to be commended for making good use of her time
at FPC Alderson, the BOP remains better positioned to determine the
availability of its own resources and whether Syslo's conduct
during approximately thirty-one months of incarceration warrants
placement on home confinement. Notably, Syslo has more than nine

5

USA v. SYSLO                                              1:17CR37

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR HOME CONFINEMENT UNDER SECTION 3624(c)(2) [DKT. NO. 25]**

years remaining on her term of imprisonment and is far outside the
bounds for home confinement Congress considered when it enacted the
Second Chance Act. In light of that, and relying on the case law
discussed, the Court exercises its discretion in favor of deferring
to the expertise of the BOP and declines to recommend Syslo's pre-
release custody. The Court, therefore, **DENIES** Syslo's Motion for
Home Confinement Under Section 3624(c)(2) (Dkt. No. 25).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to transmit copies of this Order
to counsel of record by electronic means and to the pro se
defendant, certified mail and return receipt requested.

DATED: July 31, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE